UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON CARLOCK,

    Plaintiff,

v.

WAYNE STATE UNIVERSITY,
and M. ROY WILSON, in his individual
and official capacities,

    Defendants.

Case No. 2:19-cv-11969

Hon.

_____

David A. Nacht (P47034)
Adam M. Taub (P78334)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
dnacht@nachtlaw.com
ataub@nachtlaw.com

_____

# COMPLAINT AND JURY DEMAND

Plaintiff, Leon Carlock, by and through his attorneys, NACHTLAW, P.C., hereby alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Leon Carlock was, at relevant times, a tenured Professor at Wayne State University ("WSU") School of Medicine and resides in the State of

1

Michigan within the Eastern District of Michigan.

2. WSU is a public entity created under the Constitution of the State of Michigan.

3. Defendant M. Roy Wilson is President of Defendant WSU. The President is appointed by Defendant WSU.

4. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings his claims pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

5. This Court has supplemental jurisdiction of Plaintiff's state law claim pursuant to 28 U.S.C.A. § 1367.

6. The events at issue occurred in Detroit, Michigan, which lies in Wayne County and the Eastern District of Michigan.

7. Venue is proper in this Court because Defendants obligated themselves to Plaintiff within the Eastern District of Michigan, the University is located within the Eastern District of Michigan, Plaintiff resides within the Eastern District of Michigan, and, upon information and belief, Defendants reside within the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. Plaintiff became employed by Defendant WSU on or about 1987 as an Assistant Professor in the Department of Molecular Biology and Genetics at

Defendant WSU's School of Michigan.

9. In or about 1995, Plaintiff was granted tenure and, since that time, until his termination, was been a tenured Professor at WSU's School of Medicine.

10. Defendant WSU has created and maintains the Wayne State University Code Annotated ("WSUCA") which provide Professors, such as Plaintiff, specific tenure and job protections. Those protections include that "Tenure may be terminated by the University only for one of the following reasons: (a) adequate cause after opportunity for a fair hearing as provided in section 2.51.01.190 titled Dismissal Proceedings – Faculty with Tenure". WUSCA § 2.541.01.040.

11. Among other protections, the WSUCA provides that, prior to termination of employment, Professors such as Plaintiff are to be provided certain hearings and procedures, as follows:

- a. after initiation of dismissal proceedings, the President shall notify the faculty "in writing of the proposed dismissal and of the reasons therefor with sufficient particularity to give the [faculty] an adequate opportunity to answer the charges and recommendation". WSUCA 2.51.01.210;
- b. if faculty requests a hearing, he or she is provided a hearing before a seven-member Hearing Committee chaired by "a retired federal, state, or administrative law judge", WSUCA § 2.51.01.230;
- c. in person testimony subject to cross-examination is taken during the hearing, WSUCA § 2.51.01.230;
- d. faculty is entitled to assistance in securing attendance of University witnesses on his behalf at the hearing, WSUCA § 2.51.01.230; and
- e. if the matter is referred to the Board of Governors, faculty have the right

3

to be heard by the Board prior to any final decision regarding dismissal. WSUCA § 2.51.01.270.

12. The WSUCA provides that the President does not have the authority to terminate a Professor prior to initiation and completion of the foregoing process.

13. The WSUCA provides certain "Emergency Suspension" powers to the President, WSUCA § 2.51.01.300. However, the President's exercise of such powers is limited:

   a. the continued employment of faculty must "threaten grave and immediate injury to the University or its students, faculty, or staff;
   b. the suspension is limited to a maximum of 120 days and shall not affect the individual's compensation;
   c. If the suspension is to continue beyond 120 days, there must be an investigation and the faculty must be given an opportunity to testify. WSUCA §2.51.01.310.

14. On or about December 18, 2018, Jack Soble, Dean of the Wayne State School of Medicine, in a letter to Defendant Wilson initiated dismissal proceedings against Plaintiff, referencing WSUCA § 2.51.01.190.

15. On or about December 20, 2018, Defendant Wilson terminated Plaintiff by letter, stating: "Your termination will be effective immediately", again referencing WSUCA § 2.51.01.190.

16. Plaintiff was given no prior notice that Defendant Wilson was considering the specific sanctions levied against him.

17. Defendant Wilson failed to provide Plaintiff an opportunity to respond,

in-person or in writing, to the allegations in the letter prior to terminating him.

18. Defendant Wilson failed to provide Plaintiff notice of the University policy Plaintiff allegedly violated prior to terminating him.

19. Defendant Wilson failed to provide Plaintiff any opportunity for a hearing or process prior to terminating him.

20. Defendant Wilson failed and refused to provide Plaintiff the process and protections afforded Plaintiff by the Constitution and the WSUCA before terminating him.

21. Defendants' unlawful actions have caused Plaintiff to be terminated from his employment, denied him tenure protections, and denied him the protections of the WSUCA.

22. Defendants' publicly-known unlawful actions have stigmatized Plaintiff, leading to loss of his reputation, good name, honor, and integrity.

## COUNT I
## DENIAL OF PROCEDURAL DUE PROCESS
(*against Defendant Wilson in his Individual and Official Capacities*)

23. Plaintiff incorporates all preceding paragraphs above as though fully stated herein.

24. At all times relevant hereto, as a tenured professor, Plaintiff had a clearly established property right in the terms and conditions of his employment, including tenure, under the 14th Amendment of the U.S. Constitution.

5

25. Defendant, acting in his individual and official capacities, at all relevant times herein, deprived Plaintiff of his clearly established constitutional property right to terms and conditions of his employment by terminating him before providing notice and the opportunity to be heard and otherwise as alleged above.

26. Defendant, acting in his individual and official capacities, at all relevant times herein, stigmatized Plaintiff in his reputation, good name, honor, and integrity by terminating him before providing notice and the opportunity to be heard and otherwise as alleged above.

27. Defendant's publicly-known unlawful actions have stigmatized Plaintiff, leading to loss of his reputation, good name, honor, and integrity.

28. Defendant deprived Plaintiff of his constitutional property right to continued terms and conditions of employment, as Plaintiff did not have adequate notice of the charges against him, adequate notice of the evidence used against him, a pre-termination hearing, or the ability to cross-examine his accusers.

29. Defendant failed to follow the University's own procedures in terminating Plaintiff.

30. At all relevant times, Defendant was acting under color of state law.

31. At all relevant times, Defendant, in his individual and official capacities, was executing official WSU policy by making edicts or acts depriving Plaintiff of his constitutional rights, by representing the official policy of WSU, and

by terminating him in contravention of the Constitution and WSU policy regarding terminations.

32. Accordingly, Defendant is liable to Plaintiff pursuant to 42 USC § 1983 for his deprivation of Plaintiff's constitutional rights, and damaging him as alleged herein and below.

## COUNT II
## BREACH OF CONTRACT
### (*against Defendant Wayne State University*)

33. Plaintiff incorporates all preceding paragraphs above as though fully stated herein.

34. Defendant at all times material hereto, maintained written policies and codes, titled the "Wayne State University Code Annotated", requiring adequate cause for tenure and employment termination of Professors, including Plaintiff, and a practice of not terminating tenure and/or employment without good or just cause.

35. Defendant's policies and codes also required specific procedures and processes prior to termination of tenure or employment, as set forth herein. Accordingly, after dismissal proceedings are initiated, Defendant is contractually obligated retain a Professor in his or her employment while such procedures and processes are ongoing.

36. Defendant's policies and procedures also require that a Professor's compensation shall not be affected during a suspension or investigation, as set forth

7

herein.

37. Plaintiff received a copy of the aforementioned policies and codes during his employment with Defendant.

38. Throughout the course of his employment with Defendant, Plaintiff relied on the policies and codes of Defendant, which provided that employees in Plaintiff's position would not be terminated from employment without adequate cause and only after an opportunity for a fair hearing and that employees in Plaintiff's position would be retained in their employment, and their compensation continued, during the pendency of dismissal proceedings.

39. The aforementioned policies, practices, and procedures constituted a contract of employment between Plaintiff and Defendant and created contractual or quasi-contractual rights to a hearing prior to termination for adequate cause.

40. Defendant's policies, procedures, and practices created a reasonable expectation of continued employment in Plaintiff and other employees of Defendant.

41. Contrary to Defendant's policies, practices, and procedures, Plaintiff was terminated without an opportunity for fair hearing and was terminated without adequate cause.

42. Contrary to Defendant's policies, Plaintiff was not retained in his employment or compensated during the pendency of dismissal proceedings against him.

43. As a direct and proximate result of Defendant's wrongdoing and breach of contract, Plaintiff has sustained loss of earnings and earning capacity, past and future lost earnings, the value of fringe and pension benefits, loss of job and career opportunities, damage to his good name and reputation in the community, mental and emotional distress, humiliation and embarrassment, loss of the enjoyment of the ordinary pleasures of everyday life, and loss of the ability to pursue employment of choice.

## RELIEF REQUESTED

For all of the foregoing reasons, Plaintiff Leon Carlock demands judgment against Defendants as follows:

a. Declare the practices and actions of Defendants as unconstitutional and a breach of contract;

b. Compensatory damages for monetary and non-monetary loss in whatever amount he is found to be entitled;

c. Exemplary damages in whatever amount he is found to be entitled;

d. A judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled;

e. An order of this Court reversing the termination of Plaintiff by Defendants;

f. An injunction of this Court prohibiting any further acts by Defendants violating Plaintiff's constitutional and/or contractual rights;

g. An award of interest, costs and reasonable attorney fees; and

h. Whatever other relief this Court finds appropriate.

                Respectfully Submitted,

                NACHTLAW, P.C.

                <u>/s/ David A. Nacht</u>
                David A. Nacht (P47034)
                Adam M. Taub (P78334)
                Attorneys for Plaintiff
                101 N. Main Street, Suite 555
                Ann Arbor, MI 48104
                (734) 663-7550

Dated: July 2, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON CARLOCK,

    Plaintiff,                                        Case No. 2:19-cv-11969

                                                      Hon.

v.

WAYNE STATE UNIVERSITY,
and M. ROY WILSON, in his individual
and official capacities,

    Defendants.

_____

David A. Nacht (P47034)
Adam M. Taub (P78334)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
dnacht@nachtlaw.com
ataub@nachtlaw.com

_____

## **DEMAND FOR TRIAL BY JURY**

      NOW COMES Plaintiff, Leon Carlock, by and through his attorneys, NachtLaw, P.C. and hereby demands for a jury trial in the above-captioned matter for all issues so triable.

1

                                                               Respectfully Submitted,

                                                               NACHTLAW, P.C.

                                                               <u>/s/ David A. Nacht</u>

                                                               David A. Nacht (P47034)
                                                               Attorney for Plaintiff Pamela Smock
                                                               101 N. Main Street, Suite 555
                                                               Ann Arbor, MI 48104
                                                               (734) 663-7550

Dated: July 2, 2019