# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**LEON CARLOCK**,

               Plaintiff,              Case No. 19-11969

v.                                    Hon. Mark A. Goldsmith

**WAYNE STATE UNIVERSITY**,
and **M. ROY WILSON**, in his individual
and official capacities,

_____/

## DEFENDANTS' MOTION FOR JUDGMENT
## ON THE PLEADINGS
## PURSUANT TO FED. R. CIV. P. 12(C)

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## MOTION

Defendants, by their attorneys Butzel Long, move this Court for judgment on the pleadings and in support thereof state as follows:

1.    The undersigned counsel certifies that counsel personally spoke to opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.

2.    Judgment on the Pleadings under Fed. R. Civ. P. 12(c) is appropriate as to Plaintiff's Complaint alleging violation of "predeprivation" due process against Defendant Roy M. Wilson, M.D., M.S., (Count I) and breach of contract against Wayne State University (Count II) given the following:

    a.    Plaintiff is not entitled to any "process" as to Counts I or II of his Complaint as a matter of law.

    b.    Alternatively, WSU provided Plaintiff with ample "predeprivation" process that mandates dismissal of his predeprivation due process and breach of contract claims.

    c.    Defendant President Roy Wilson, in his "official capacity" is entitled to dismissal of the procedural due process claim in his official capacity he is not a "person" subject to suit under 42 U.S.C. §1983.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

d.  President Roy Wilson, in his individual capacity, is entitled to dismissal of the procedural due process claim, because he is entitled to qualified immunity and plaintiff has not alleged facts establishing that he engaged in conduct that no reasonable person would believe was legal.

d.  Wayne State University is entitled to dismissal of the state law breach of contract claim because as an instrumentality of the state such claim is barred by Eleventh Amendment immunity.

3.  Amending his Complaint cannot cure the failure to state a claim upon which relief can be granted as to his allegations.

Wherefore, defendants request that their motion be granted, and that the Complaint be dismissed in its entirety.

Respectfully submitted,

By: /s/*Brett J. Miller*
    Brett J. Miller (P68612)
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-5316
millerbr@butzel.com

Dated:  January 21, 2020

Daniel B. Tukel (P34978)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, Michigan  48304
(248) 258-1616
tukel@butzel.com
Attorneys for Defendants

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**LEON CARLOCK**,

               Plaintiff,           Case No. 19-11969

v.                               Hon. Mark A. Goldsmith

**WAYNE STATE UNIVERSITY**,
and **M. ROY WILSON**, in his individual
and official capacities,

_____/

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR
## JUDGMENT ON THE PLEADINGS
## <u>PURSUANT TO FED. R. CIV. P. 12(c)</u>

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## **TABLE OF CONTENTS**

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ........................... ii

STATEMENT OF ISSUES PRESENTED ............................................. iv

FACTS ......................................................................................1

ARGUMENT ..............................................................................6

    I.    COUNTS I AND II MUST BE DISMISSED AS A MATTER OF LAW AS PLAINTIFF WAS NOT OWED ANY "PROCESS" AND, ALTERNATIVELY, WAS PROVIDED DUE PROCESS. ...........................................8

    II.    DEFENDANT WILSON IS ENTITLED TO DISMISSAL OF COUNT I AS HE CANNOT BE SUED IN HIS OFFICIAL CAPACITY AND HAS QUALIFIED IMMUNITY. ................................................13

    III.    ELEVENTH AMENDMENT IMMUNITY ENTITLES WAYNE STATE UNIVERSITY TO DISMISSAL OF COUNT II. .......................16

CONCLUSION ..........................................................................18

i

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

**Procedural**

Fed. R. Civ. P 12(c)

Fed. R. Civ. P. 7(a)

Fed. R. Civ. P. 10(c)

*Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

*Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 335 (6th Cir. 2007)

*Roth v. Guzman*, 650 F.3d 603, 608 (6th Cir. 2011)


**Improper Party**

MCL § 390.641


**Due Process**

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 1493, 84 L. Ed. 2d 494 (1985)

*Sutton v. Cleveland Bd. of Educ.,* 958 F.2d 1339, 1349 (6th Cir. 1992)

*Leary v. Daeschner*, 228 F.3d 729, 742–43 (6th Cir. 2000)

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## Section 1983

42 U.S.C. §1983

*Will v. Michigan Department of State Police,* 491 U.S. 58, 64 (1989)

*Underfer v. University of Toledo*, 36 Fed. Appx. 831 (6th Cir. 2002)

*Chappell v. Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009).

## Sovereign Immunity

11th Amendment to U.S. Constitution

*Tennessee v. Lane*, 541 U.S. 509, 517 (2004)

*Thiokol Corp. v. Dep't of Treasury*, 987 F.2d at 376, 381 (6th Cir. 1993)

**STATEMENT OF ISSUES PRESENTED**

1) Should Plaintiff's due process and breach of contract claims be dismissed based on the elaborate post-deprivation process still available to Plaintiff along with the detailed investigation that led to the finding of sexual harassment and moral turpitude.

Defendants answer:                          Yes

Plaintiff presumably answers:          No

2) Is defendant Roy Wilson, in his official capacity, entitled to dismissal of the due process claim because he is not a "person" for purposes of 42 U.S.C. §1983?

Defendants answer:                          Yes

Plaintiff presumably answers:          No

3) Is defendant Roy Wilson, in his individual capacity, entitled to dismissal of the due process claim because he is entitled to qualified immunity and plaintiff has not alleged conduct that no reasonable person would believe was lawful?

Defendants answer:                          Yes

Plaintiff presumably answers:          No

4) Does Eleventh Amendment immunity entitle defendant WSU to dismissal of the state law breach of contract claim?

Defendants answer:                          Yes

Plaintiff presumably answers:          No

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

**FACTS**

Plaintiff Leon Carlock was a faculty member in Wayne State University's ("WSU") School of Medicine and has the dubious distinction of undergoing two detenuring processes with WSU.  His first detenuring procedure began on March 23, 2016, based on his grossly poor performance and lack of productivity as a faculty member. *See e.g.* ECF 7-3. A detenuring committee voted, on August 30, 2018, to terminate Plaintiff but the Wayne State University Board of Governors never formally voted to complete the process.  ECF 7-3, PageID.446.

On July 2, 2018, during the initial detenuring process, allegations came to light that Plaintiff had used his own funds to hire a former student for "work" in his lab and engaged in sexually harassing behavior toward the former student. This behavior included, among other things, smacking her buttock, touching her hair, placing his hands on her hip, asking what age her breasts began to develop, explicitly discussing his sexual relationships and history, frequently attempting to hug the student, and commenting about her body. ECF 7-1, PageID.37-38, 58. The former student further noted that Plaintiff told her that his conduct was for her benefit to "desensitize her to sexual harassment because it was prevalent in the STEM fields." ECF 7-1, PageID.38, 44, 56.

1

The former student reported to WSU's Office of Equal Opportunity ("OEO") on July 2, 2018, and a thorough investigation was conducted. *See e.g.* ECF 7-1, PageID.37-298.  At the outset of the investigation, Plaintiff was provided a copy of complaint regarding his sexually harassing conduct. ECF 7-1, PageID.35 Plaintiff then provided his own written statement in response and was interviewed by OEO personal in a transcribed interview. ECF 7-1, PageID.60-69; 71-289. During the interview, Plaintiff contradicted his own written statement in several respects but also admitted to severe misconduct. For example, Plaintiff admitted that he discussed his sexual interactions with women, admitted that he touched the former student's hair, complimented her body, and admitted discussing that the former student would have to deal with sexual harassment and be ready for it. *Id*. PageID.48-49.

On December 6, 2018, the director of OEO penned a nearly 16 page Notice of Disposition that analyzed Plaintiff's written statement, his interview, and all available evidence and concluded that Plaintiff violated Title IX and WSU's Sexual Harassment policies.  The OEO director noted that "[i]ronically, the present case is a prime example of where, contrary to Respondent's belief as stated in his written response, it is not necessary for there to be '1 or more witnesses' in order to prove sexual harassment or sexual misconduct." She went on to state, "[t]o the contrary, there were rarely any witnesses to the hostile

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

environment created by Respondent, yet proof of the environment is evident through many of Respondent's *own* admissions." *Id.*, PageID.48, emphasis in original. Based on its findings that Plaintiff engaged in "*pervasive* unwelcome sexual misconduct," OEO recommended "that the matter be referred to the School of Medicine for further proceedings and appropriate action." *Id.*, PageID.48, 51-52, emphasis in original.

As a result, on December 18, 2018, the School of Medicine recommended removal of Plaintiff and, on December 20, 2018, a letter was sent to Plaintiff removing him from work under the "moral turpitude" provisions of WSU's Board of Governors Code ("BOG Code"). ECF 1, ¶¶ 14-15.

Plaintiff was terminated under the BOG Code relating to tenured faculty. Specifically, under section, 2.51.01.040:

> Tenure may be terminated by the University only for one of the following reasons: (a) adequate cause after opportunity for a fair hearing as provided in section 2.51.01.190 titled Dismissal Proceedings - Faculty with Tenure; (b) failure of the individual to return from a leave within the period specified in the rules and regulations of the University; (c) job abandonment; (d) reaching the age now or hereafter established by this Board as the age for mandatory retirement; (e) the substantial curtailment or discontinuance of a program which removes any reasonable opportunity for using a faculty member's services; (f) extraordinary financial exigencies. **One year's notice of proposed termination will be given except in a termination for cause based on moral turpitude**, failure to return from a leave, job abandonment, or upon retirement.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

Available at https://bog.wayne.edu/code/2-51-01; *see also* ECF 7-3, PageID. 371, emphasis added.

In addition, under the BOG Code section 2.51.01.190:

> Faculty with tenure may be dismissed for adequate cause as follows: (a) **for acts involving moral turpitude which bear adversely on the ability to perform responsibilities to the University**; (b) for serious violation of generally accepted academic standards and principles; (c) for failure to perform academic assignments competently. (Termination of services at mandatory retirement age, or because of financial exigencies, are dealt with elsewhere. Job abandonment and failure to return from a leave result in automatic termination, and are dealt with elsewhere. Incompetency arising from physical and/or mental illness or disability is treated under "sick leave" regulations.)

https://bog.wayne.edu/code/2-51-01 and ECF 1, ¶ 10, 145-15, emphasis added.[1]

On December 17, 2018, Plaintiff filed an appeal to Michael Wright, the VP of Marketing & Communications and Chief of Staff of the WSU President. The appeal alleged that unspecified "essential information" was not provided to Plaintiff. ECF 7-1, PageID.34. Mr. Wright sent several emails seeking clarification of what "essential information" was not provided but Plaintiff provided no further information. As such, on January 14, 2019, Mr. Wright wrote to Plaintiff denying his appeal and noting that, while Plaintiff had not provided any additional information, a review of the seven exhibits provided to Plaintiff—

---

[1] It is undisputed that Plaintiff was aware of the BOG Code, which include its sexual harassment policies and provisions for immediate termination due to moral turpitude. ECF 1, Compl. at ¶¶37-38.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

including the complaint from the former student—constituted the evidence that was considered by OEO.  ECF 7-1, PageID.35-36.

Plaintiff has remained off work while the parties have worked to schedule his final hearing based on his moral turpitude stemming from the sexual harassment.  *See generally*, ECF 7-2 (noting numerous email attempts to schedule final hearing). It is fully expected that the result of the hearing will support the final dismissal of Plaintiff. If, however, the hearing somehow found in favor of Plaintiff, it could result in reinstatement and the award of back pay—essentially the remedies Plaintiff seeks in this lawsuit.

Despite attempts to schedule the final hearing, Plaintiff has filed the instant suit alleging a violation of 42 U.S.C. §1983 for denial of so-called "predeprivation" procedural due process against *only* University President Wilson in both his individual and official capacities (Count I); and a state law breach of contract claim against WSU (Count II).[2]  Essentially, Plaintiff concedes that the final "postdeprivation" due process hearing will be scheduled but contends that Plaintiff should have remained on payroll until the hearing and is seeking either reinstatement or back pay until the final hearing. For the reasons that follow, however, Defendants are entitled to dismissal of both claims.

---

[2] Wayne State University is an improper party to this matter. Under MCL § 390.641, only the WSU Board of Governors is capable of suing and being sued.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

**ARGUMENT**

**Standard of Review**

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Ziegler v. IBP Hog Market, Inc*., 249 F.3d 509, 511–12 (6th Cir. 2001).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice . . ." and pleadings must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Further, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950.

In addition, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 1949. "A claim has facial plausibility when the

*BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS*

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In addition, although considered under a 12(b)(6) standard, this Court can consider the statements and documents attached to Defendants' Answer without converting this motion into a summary judgment motion for three reasons. First, the information was attached to Defendants' responsive pleading and therefore may be considered in a Motion for Judgment on the Pleadings. *See*, Fed. R. Civ. P. 7(a) and 10(c); *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 335 (6th Cir. 2007); *Roth v. Guzman*, 650 F.3d 603, 608 (6th Cir. 2011); *Gibson v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 517329, at 3 (W.D. Tenn. Feb. 15, 2012)("In considering a 12(c) motion, the Sixth Circuit has approved the consideration of exhibits attached to responsive pleadings such as an answer . . ."); *Hines v. G. Reynolds Sims & Assocs., P.C.*, No. CIV.A. 12-12478, 2013 WL 1774938, at 3 (E.D. Mich. Apr. 25, 2013)("[the defendant's] answer is a pleading . . . thus, the exhibits attached to it are part of [defendant's] pleading and shall be

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

considered by the Court"); *T.S. v. Utica Cmty. Sch.*, No. 11-CV-13092, 2012 WL 1340492, at 1 (E.D. Mich. Feb. 16, 2012), *report and recommendation adopted sub nom. Sharbowski v. Utica Cmty. Sch.*, No. 11-CV-13092, 2012 WL 1354056 (E.D. Mich. Apr. 18, 2012)("However, documents attached to the Answer are part of the pleadings for Rule 12(c) purposes . . .").

Second, Plaintiff's Complaint, referenced the WSU University BOG Code as well as the reasons he was removed from work and alleged "process" he is owed. Documents that are incorporated by reference in a complaint may also be considered in weighing a motion to dismiss even if not attached to the pleadings. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)(holding that court must consider, on 12(b)(6) motion, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") citing 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007)).

## I.    COUNTS I AND II MUST BE DISMISSED AS A MATTER OF LAW AS PLAINTIFF WAS NOT OWED ANY "PROCESS" AND, ALTERNATIVELY, WAS PROVIDED DUE PROCESS.

It is undisputed that Plaintiff's final hearing is being scheduled. ECF 7-2. In the meantime, however, Plaintiff has sued President Wilson claiming he was not provided "due process" (Count I) and alleged that the procedures of the BOG Code constitute a contract that was somehow "breached" by WSU (Count II). Essentially, Plaintiff claims a protected property interest and challenges the

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

"predeprivation process" provided.  *See, e.g. Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 1493, 84 L. Ed. 2d 494 (1985).  Here, however, Plaintiff (A) was not entitled to such process given the elaborate post-deprivation procedures that he has yet to utilize and (B) he was provided notice and three opportunities to be heard and thus was provided more than adequate process.

**A.** **Plaintiff Was Not Entitled to "Predeprivation" Process Given the Elaborate Procedures for Post-Deprivation Process in Place at WSU.**

While a plaintiff with a protected property interest is generally entitled to a predeprivation hearing of some sort, the sufficiency of predeprivation procedures must be considered in conjunction with the options for post-deprivation review.  If elaborate procedures for post-deprivation review are in place, less elaborate predeprivation process may be required. *See, e.g., Sutton v. Cleveland Bd. of Educ.,* 958 F.2d 1339, 1349 (6th Cir. 1992). In some cases, post-deprivation review may possibly be sufficient, and no predeprivation process is required. *Leary v. Daeschner*, 228 F.3d 729, 742–43 (6th Cir. 2000) citing *Ramsey,* 844 F.2d at 1272–74.

Here, no predeprivation process was required given the elaborate procedure for post-deprivation review in place at WSU.  Plaintiff will be able to call witnesses, cross-examine, and present evidence at his final "post-

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

deprivation" hearing before a faculty committee as part of a faculty-governed process.  The hearing will be a full hearing on Plaintiff's status, could award reinstatement, back pay, or uphold his removal from work and formally remove his tenure. WSU has been attempting to schedule this hearing and was in the process when Plaintiff filed suit. ECF 7-2.  Thus, Plaintiff has ignored the elaborate post-deprivation process and was not owed any "predeprivation" process.

In addition to consideration of the comprehensive post-deprivation process available to Plaintiff, when deciding whether pre-deprivation process is warranted, courts must balance "the private interest in retaining employment, the governmental interest in the expeditious removal of unsatisfactory employees and the avoidance of administrative burdens, and the risk of an erroneous" decision. *Loudermill*, 470 U.S. at 542–43, 105 S.Ct. 1487 *citing Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

WSU, however, is subject to a legal duty under Title VII and Title IX to remove Plaintiff from the workforce in order to take prompt remedial measures to eliminate sexually harassing behavior.  This includes his termination without compensation where he used his university salary to privately employ a student to sexually harass her.

10

Thus, WSU has both an elaborate post-deprivation procedure in place and a statutory and common sense mandate to remove Plaintiff from the workplace. As a result, no "predeprivation" process was owed to Plaintiff as a matter of law.

**B.     *Alternatively, Plaintiff Was Granted More Than Sufficient Predeprivation Process.***

Assuming, *arguendo*, that Plaintiff was entitled to any predeprivation process, WSU provided more than adequate predeprivation process as a matter of law.  Predeprivation hearings are intended only to be an "initial check" on the employer's decision, and "need not definitively resolve the propriety of" the action. *Leary v. Daeschner*, 228 F.3d 729, 744 (6th Cir. 2000) citing *Loudermill,* 470 U.S. at 545, 105 S.Ct. 1487.  "The essential requirements of due process . . . are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement." *Loudermill,* 470 U.S. at 546, 105 S.Ct. 1487.

Plaintiff was given notice of the sexual harassment charges against him, he provided a detailed written response, and sat through an interview with the WSU Office of Equal Opportunity that spans over 200 pages of transcript. ECF 7-1. Plaintiff was able to then file an appeal regarding the outcome of the OEO findings. ECF 7-1, PageID.34-36. Plaintiff admits in his Complaint that he is

11

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

aware of the BOG Code, which includes its sexual harassment policies and provisions for immediate termination due to moral turpitude. ECF 1, Compl. at ¶¶37-38.  Thus, Plaintiff was aware of the consequences of his actions, received notice of the allegations against him, responded to them twice (and inconsistently), and was able to appeal (unsuccessfully) the determination. Therefore, Plaintiff cannot claim that WSU's "initial check" of Plaintiff's improprieties was insufficient.

Moreover, as set forth in more detail below, while Plaintiff's breach of contract action (Count II) is not actionable against WSU, it also fails for the same reasons as set forth above.  Plaintiff's theory is that the BOG Code is a contract (which WSU disputes) and that it entitles him to a certain process.  But even assuming this is true, as noted above, he was provided process and his final hearing is being scheduled.  Thus, Plaintiff cannot claim a breach of contract that is not yet ripe when he has failed to exhaust the alleged "contractual" process.[3]

---

3 While Plaintiff is a member of the American Association of Undergraduate Professors (AAUP) bargaining unit, the AAUP-WSU collective bargaining agreement is silent on detenuring.  As such, it is undisputed that the WSU Board of Governors Code governs the detenuring process at WSU.  To the extent Plaintiff argues that the BOG Code is an independent contract with its own grievance procedure he must first exhaust that BOG Code procedure.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

**II.** **DEFENDANT WILSON IS ENTITLED TO DISMISSAL OF COUNT I AS HE CANNOT BE SUED IN HIS OFFICIAL CAPACITY AND HAS QUALIFIED IMMUNITY.**

As noted above, WSU provided an extraordinary amount of process to Plaintiff. But, Plaintiff has alleged his due process violation only against individual Defendant Wilson who (A) cannot be sued in his official capacity and (B) has qualified immunity in his individual capacity.

### A. Dismissal is Appropriate for the Claim Against President Wilson In His Official Capacity

Count I is brought against President of WSU Roy Wilson only, in his official and individual capacities. That Count alleges that plaintiff was denied procedural due process, in violation of 42 U.S.C. §1983. Dr. Wilson in his official capacity is entitled to dismissal because he is not considered a "person" within the meaning of §1983.

42 U.S.C. §1983 provides that "Every **person** who, under color of any statute …subjects, or causes to be subjected, any citizen of the United States… to the depravation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured…" (emphasis added). It is plaintiff's burden to establish that "the conduct complained of was committed by **a person** acting under color of state law…" *Graham v. Nat'l Collegiate Athletic Assoc.*, 804 F.2d 953, 957 (6th Cir. 1986)(emphasis added).

In *Will v. Michigan Department of State Police,* 491 U.S. 58, 64 (1989), the Supreme Court explicitly found "that a state is not a person within the meaning of § 1983." As an instrumentality of the State, WSU is not a "person" under §1983. *See, e.g., Underfer v. University of Toledo*, 36 Fed. Appx. 831 (6th Cir. 2002) citing *Hall v. Medical College of Ohio at Toledo*, 742 F.2d 299, 304 (6th Cir. 1984); *Cowan v. Univ. of Louisville School of Med.*, 900 F.2d 936 (6th Cir. 1990). The same is true of a state official sued in his "official" capacity. In *Will,* 491 U.S. at 71, the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Dr. Roy Wilson, in his official capacity as President of WSU, is not a person for purposes of § 1983. He is, therefore, entitled to dismissal of Count I to the extent it is brought against him in his official capacity.

**B.**   ***President Wilson Is Entitled To Dismissal in His Individual Capacity Because He Has Qualified Immunity***

President Wilson is also entitled to summary judgment of Count I in his individual capacity. State officials sued in their individual capacity are entitled to qualified immunity. The qualified immunity doctrine is designed to "provide state and federal officials, acting reasonably, within their authority to make difficult decisions and to exercise discretion without fear of being held to answer in damages." *Picozzi v. Sandalow*, 623 F. Supp. 1571, 1580 (E.D. Mich. 1986).

Qualified immunity is not merely a defense to liability, but is immunity from suit and an entitlement not to stand trial.  *Pearson v. Callahan*, 555 U.S. 223 (2009).  It is plaintiff's burden to demonstrate that President Wilson in his individual capacity is not entitled to qualified immunity.  *Chappell v. Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009).

Government officials have qualified immunity if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Consequently, qualified immunity "gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who violate the law.'"  *Hunter v. Bryant*, 502 U.S. 224, 229 (1991), quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  Plaintiff must show that no reasonable official in President Wilson's position could have believed that his or her conduct was lawful.  To make that showing plaintiff must prove both that a constitutional right has been violated, and that the constitutional right was clearly established at the time of defendant's alleged misconduct.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Dunigan v. Noble*, 390 F.3d 486, 491 (6th Cir. 2004).  Moreover, plaintiff must show that the right was clearly established in a "particularized sense," such that any reasonable official addressing the same situation would have known that his or her actions

15

were illegal. *Chappell*, 585 F.3d at 907, citing *Brosseau v. Haugen*, 543 U.S. 194, 199-200 (2004).

That high burden cannot be met here.  While plaintiff may claim that the President Wilson acted improperly or unfairly, he has not alleged and cannot plausibly plead that he acted in contravention of such clearly established constitutional rights that no reasonable official could have believed that he or she was acting lawfully.

## III.   ELEVENTH AMENDMENT IMMUNITY ENTITLES WAYNE STATE UNIVERSITY TO DISMISSAL OF COUNT II.

Count II is a state common law claim for breach of contract against Wayne State University only.  WSU is entitled to dismissal because of immunity under the Eleventh Amendment. The Eleventh Amendment to the United States Constitution bars "any suit in law or equity, commenced or prosecuted against one of the United States."

As the Supreme Court stated in *Will v. Michigan Department of State Police*, 491 U.S. 58; 67; 109 S.Ct. 2304 (1989), under the Eleventh Amendment there is a "well established immunity of a State from being sued without its consent."   Absent a waiver of a state's immunity, the Eleventh Amendment precludes federal courts from hearing suits against state entities.   *See, e.g., Tennessee v. Lane*, 541 U.S. 509, 517 (2004).   Immunity under the Eleventh

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

Amendment "is far reaching." *Will*, 491 U.S. 58.   Absent abrogation, that immunity bars all suits against the state and its departments by its own citizens. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d at 376, 381 (6th Cir. 1993).

Wayne State University is a constitutionally created State University, something plaintiff concedes.  (*See*, Complaint, ECF 1, ¶2; s*ee also*, Michigan Constitution, Article 8, §§4 and 5).  Such constitutionally created State universities are instrumentalities of the State, entitled to Eleventh Amendment immunity.  *See, e.g., Rainey v. Wayne State University*, 26 F. Supp. 2d. 973, 975 – 976 (E.D. Mich. 1998); *Tran v. Wayne State University,* No. 95-72662, 1996 U.S.Dist.LEXIS 5528 (E.D. Mich. Mar. 20, 1996), *aff'd,* 110 F.3d 65, *cert. denied,* ___ U.S. ___, 118 S.Ct. 162, 139 L.Ed.2d 107 (1997).  *See also*, *Karmanos v. Baker*, 816 F.2d 258, 259 (6th Cir. 1987) and *Ewing v. Board of Regents of the University of Michigan*, 552 F. Supp 881 (E.D. Mich. 1982)(University of Michigan); *Hutchins v. Board of Trustees of Michigan State University*, 595 F. Supp. 862 (W.D. Mich. 1984) and *Hill v. Board of Trustees of Michigan State University*, 182 F. Supp. 2d. 621, 625 (W.D. Mich. 2001).

Eleventh Amendment immunity entitles WSU to dismissal of Count II as Plaintiff cannot state a claim upon which relief can be granted.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## CONCLUSION

For the foregoing reasons Plaintiff's Complaint should be dismissed in its entirety under Fed. R. Civ. P. 12(c).

<div style="margin-left:40%">

Respectfully submitted,

BUTZEL LONG

By:  /s/*Brett J. Miller*
     Brett J. Miller (P68612)
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-5316
millerbr@butzel.com

Daniel B. Tukel (P34978)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, Michigan  48304
(248) 258-1616
tukel@butzel.com
Attorneys for Defendant

</div>

Dated:  January 21, 2020

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

18

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys

By: */s/ Brett J. Miller*
    Brett J. Miller (P68612)
Butzel Long, PC
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-5316
millerbr@butzel.com
Attorneys for Defendants

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS